MEMORANDUM **
Sohan Singh, a native and citizen of India, petitions for review of the Board of Immigration Appeals’ (“BIA”) order dismissing his appeal from an immigration *778 judge’s (“IJ”) decision denying his application for asylum, withholding of removal, and protection under the Convention Against Torture (“CAT”). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence, INS v. Elias-Zacarias, 502 U.S. 478, 481 n. 1, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992), and we deny the petition for review.
The BIA adopted and affirmed the IJ’s decision, citing Matter of Burbano, 20 I. & N. Dec. 872, 874 (BIA 1994). We therefore review the IJ’s decision as if it were the decision of the BIA. See Abebe v. Gonzales, 432 F.3d 1037, 1040-41 (9th Cir.2005) (en banc).
Substantial evidence supports the IJ’s finding that, even if Singh testified credibly, the harms he suffered at the hands of the police were not on account of a protected ground, see Dinu v. Ashcroft, 372 F.3d 1041, 1043-45 (9th Cir.2004), and it would be reasonable for Singh to internally relocate, see Gonzalez-Hernandez v. Ashcroft, 336 F.3d 995, 998-99 (9th Cir.2003). Accordingly, Singh’s asylum claim fails.
Because Singh failed to establish eligibility for asylum, he necessarily failed to meet the more stringent standard for withholding of removal. See Zehatye v. Gonzales, 453 F.3d 1182, 1190 (9th Cir.2006).
Substantial evidence supports the IJ’s denial of CAT protection because Singh failed to demonstrate it is more likely than not he will be tortured if returned to India. See Singh v. Gonzales, 439 F.3d 1100, 1113 (9th Cir.2006).
PETITION FOR REVIEW DENIED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.